IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

1STARR DALTON

v.                                    CIVIL ACTION NO. 1:09-01056

GOV. JOE MANCHIN, et al.


<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the court is plaintiff's motion asking
that his case "not be remanded to Magistrate R. Clark [sic]
VanDervort for findings and recommendation and should not be
reviewed by the Bluefield division of the court at all" which the
court has construed as a motion to recuse Magistrate Judge
VanDervort.  Under 28 U.S.C. § 144, a judge shall recuse himself
in cases in which the party seeking recusal files a timely and
sufficient affidavit stating the judge has a personal bias or
prejudice against either the affiant or in favor of any adverse
party.  The affidavit must allege a personal bias from an
extrajudicial source.  <u>See</u> <u>Sine v. Local No. 992 Int'l
Brotherhood of Teamsters</u>, 882 F.2d 913, 914 (4th Cir. 1989).

Under 28 U.S.C. § 455, recusal is appropriate "if a
person with knowledge of the relevant facts might reasonably
question [a judge's] impartiality." <u>United States v. Cherry</u>, 330
F.3d 658, 665 (4th Cir. 2003).  On appeal, recusal decisions are
reviewed under an abuse of discretion standard.  <u>United States v.
Carmichael</u>, 726 F.2d 158, 162 (4th Cir. 1984).

Dalton contends that "members of said division may face criminal action for their role in insulating my case from judicial review and thereby facilitating my continued false imprisonment." Recusal is not warranted under either statute.[*] There is nothing in the record that would cause a person with knowledge of the relevant facts to reasonably question the impartiality of the undersigned or Magistrate Judge VanDervort. Furthermore, Dalton does not allege that either Magistrate Judge VanDervort or the undersigned has a personal bias based on an extrajudicial source. Finally, this case was assigned by the Clerk's Office to the Bluefield division in accordance with its guidelines for divisional case assignments. The court sees no reason to deviate from those guidelines in this case.

Based on the foregoing, the motion is DENIED.

The Clerk is directed to enter its Standing Order referring this case to a magistrate judge. The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

IT IS SO ORDERED this 6th day of October, 2009.

ENTER:

David A. Faber

David A. Faber
Senior United States District Judge

---

[*] Dalton has not complied with the procedural requirements under 28 U.S.C. § 144. However, even if he had done so, recusal would still not be warranted.

2