```
       IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                   BLUEFIELD DIVISION


1STARR DALTON,

          Petitioner,

v.                                Case No. 1:09-cv-01056

GOV. JOE MANCHIN and
JIM RUBENSTEIN,

          Respondents.
```

## PROPOSED FINDINGS AND RECOMMENDATION

On September 29, 2009, Petitioner filed a document entitled "Special Petition for a Writ of Habeas Corpus Ad Subjiciendum § 2254" (docket sheet document # 1). This is Petitioner's third section 2254 petition filed in this court.

On February 2, 2007, Petitioner filed his first habeas corpus petition under section 2254. (See Dalton v. McBride, Case No. 1:07-cv-00074, document # 1.) On March 30, 2007, the Honorable R. Clarke VanDervort, United States Magistrate Judge, filed a Proposed Findings and Recommendation ("PF&R") that Petitioner's petition in that matter be dismissed because it was not filed within one year after Petitioner's sentence became final as required under 28 U.S.C. § 2244(d)(1)(A) and the circumstances in Petitioner's case did not justify equitable tolling of the statute of limitations. (Id., # 6).

Petitioner filed timely objections to Judge VanDervort's PF&R. (Id., # 8). On July 9, 2007, the Honorable David A. Faber, then Chief Judge of the United States District Court for the Southern District of West Virginia, overruled Petitioner's objections and dismissed the first section 2254 petition. Chief Judge Faber found that Petitioner's petition was untimely and that there was no basis to apply equitable tolling. (Id., ## 11 and 12). Petitioner appealed that judgment to the United States Court of Appeals for the Fourth Circuit, which denied a certificate of appealability and dismissed the appeal in an unpublished opinion issued on October 24, 2007. (Id., ## 14 and 24).

On July 7, 2008, Petitioner filed his second section 2254 petition in this court, along with a document entitled "Special Request for Equitable Tolling." (See Dalton v. McBride, Case No. 1:08-cv-00901, ## 1 and 2). Among other claims, Petitioner asserted that his attempts to obtain mandamus relief from the Supreme Court of Appeals of West Virginia, the alleged failure of the State to provide him with copies of transcripts of his criminal proceeding until 2005, and the alleged denial of his access to the law library should justify equitable tolling of the statute of limitations under section 2241(d).

On December 11, 2008, Magistrate Judge VanDervort filed a PF&R recommending that the District Court find that Petitioner's second petition be deemed a second or successive section 2254 petition and that it be dismissed pursuant to 28 U.S.C. § 2244(b) because

Petitioner had not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file such a second or successive petition. (Id., # 14). The PF&R further recommended that the District Court find that Petitioner's stated reasons were insufficient to justify the application of equitable tolling. (Id.)

Petitioner filed timely objections to the PF&R on December 31, 2008. The District Court overruled the objections, adopted the PF&R, and dismissed the second section 2254 petition on March 3, 2009. (Id., # 16). Petitioner appealed that judgment to the United States Court of Appeals for the Fourth Circuit, which denied a certificate of appealability and dismissed the appeal in an unpublished opinion issued on August 5, 2009. (Id., ## 18 and 24).

Petitioner filed the instant section 2254 petition, his third, on September 29, 2009 (# 1). Petitioner filed an Amended Petition for a Writ of Habeas Corpus (# 10) on December 11, 2009, and filed additional documentation and memoranda in support thereof on several other occasions (## 11, 13 and 14). Petitioner has still not received authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive section 2254 petition.

Petitioner essentially asks the court to disregard the time limitation and other procedural restrictions established by Congress because of his "special" circumstances, and to review the merits of his current amended habeas petition, and allow an omnibus

hearing thereon. Petitioner's Amended Petition specifically states:

> In this litigation the court has before it the extraordinary opportunity to decide constitutional questions never before surfaced and the opportunity to revisit questions which it left infirm in prior decisions that have now become a major subject of the controversy in this case.

(# 10 at 6-7). Petitioner next urges the court to find that "a petition for a writ of mandamus must be deemed to constitute a collateral proceeding if the character and substance of the petition warrants such." (Id. at 7). Petitioner makes this assertion because, if the court were to so find, he argues that his attempts to obtain mandamus relief in the state courts would make his first section 2254 petition timely. It is a matter of settled law, however, that a petition for a writ of mandamus is not an application for post-conviction or other State collateral review sufficient to toll the limitation period under section 2244(d)(1). See Walkowiak v. Haines, 272 F.3d 234, 236-37 (4th Cir. 2001); Moore v. Cain, 298 F.3d 361, 367 (5th Cir. 2002). This District Court has already made this finding in both of Petitioner's prior section 2254 cases.

Likewise, this District Court has already held that the failure to provide Petitioner with transcripts from his criminal proceedings is also insufficient to toll the statute of limitations. See Lloyd v. Vannatta, 296 F.3d 630 (7th Cir. 2002); Donovan v. Maine, 276 F.3d 87, 93-94 (1st Cir. 2002); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001).

Furthermore, Petitioner's attempts in his additional documentation to argue that his guilty plea has been rendered involuntary and unconstitutional because the State failed to honor the plea bargain and that, therefore, Petitioner can show actual innocence as an exception to the procedural bar must also fail. The remainder of Petitioner's Amended Petition addresses substantive claims which the court cannot address, given the fact that the petition is procedurally barred.

None of these reasons is a valid basis to justify the tolling of the statute of limitations in order to make Petitioner's first section 2254 petition timely. Petitioner has unsuccessfully made these arguments to this court and the court of appeals on more than one occasion. Moreover, Petitioner has not been authorized by the court of appeals to file a second or successive section 2254 petition. Thus, this court lacks jurisdiction to consider anything raised in his present petition.

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's instant section 2254 petition, and all of its accompanying documentation, constitutes an unauthorized second or successive section 2254 petition, which must be dismissed pursuant to 28 U.S.C. § 2244(b). Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition (# 1) and Amended Petition (# 10) and remove this case from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

    May 13, 2010
        Date

Mary E. Stanley
United States Magistrate Judge